UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III, #28240-039,

        Plaintiff,

v.                                                                                              CASE NO. 05-CV-60200-AA
                                                                  HON. JOHN CORBETT O'MEARA

TERRE HAUTE U.S.P. MEDICAL STAFF,
CUMBERLAND F.C.I. MEDICAL STAFF,
DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS MEDICAL STAFF,
KATHLEEN M. HAWK, WAYNE COUNTY JAIL
MEDICAL STAFF, and U.S. MARSHAL'S SERVICE,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR REINSTATEMENT,
AND
DISMISSING COMPLAINT ON THE MERITS**

**I.  Introduction**

Plaintiff Andrew Gross, III, is a federal prisoner at Terre Haute Prison in Terre Haute, Indiana. He has filed a *pro se* complaint for money damages. Defendants are (1) the Department of Justice; (2) Kathleen M. Hawk, Director of the Federal Bureau of Prisons; (3) the United States Marshal's Service; and (4) the medical staffs for (a) Terre Haute United States Prison, (b) Cumberland Federal Correctional Institution in Cumberland, Maryland, (c) the Federal Bureau of Prisons, and (d) the Wayne County Jail.

The complaint alleges that the defendants have been deliberately indifferent to Plaintiff's deteriorating ear lobe. Because the complaint seeks money damages from county and federal officials for violations of Plaintiff's constitutional rights, the Court construes the complaint as

one brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On October 31, 2005, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies for his claims. As of January 9, 2006, Plaintiff had failed to respond to the Court's order to show cause. Consequently, the Court dismissed his complaint without prejudice for failure to prosecute and for failure to comply with the Court's order to show cause.

This matter currently is pending before the Court on Plaintiff's motion for reconsideration of the order dismissing his complaint. Plaintiff alleges that he never received the Court's order to show cause, because he was sent to Wayne County Jail in Detroit, Michigan on October 5, 2005, and federal officials at the Terrre Haute prison did not forward his mail to him during his six-month stay at the Jail. He seeks to have his case re-opened on the ground that he did exhaust administrative remedies against the named defendants.

## II. Discussion

### A. Exhaustion of Administrative Remedies

Section 1997e(a) of Title 42, United States Code, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under § 1983 or some other federal law, *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner*, 532 U.S. 731, 741 &

741 n.6 (2001).

The Federal Bureau of Prisons maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). If they are unsuccessful at informal resolution of their concerns with staff, they may submit a request for administrative remedy to the warden of the prison. An inmate who is dissatisfied with the warden's response may appeal to the appropriate regional director for the Bureau of Prisons, and the regional director's decision may be appealed to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Plaintiff insists that he has exhausted administrative remedies for his claim. Exhibits to his pending motion indicate that he filed administrative complaints about his medical condition with the warden at Terre Haute Prison, with the Regional Director of the Bureau of Prisons, and with the Office of General Counsel for the Bureau of Prisons. The warden denied Plaintiff's request for medical attention, and it appears that the Regional Director and General Counsel for the Bureau of Prisons did not respond to Plaintiff's grievances. The Court deems the exhaustion requirement satisfied as to the federal Bureau of Prisons and its prisons, because "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004).

As for Plaintiff's allegations against the medical staff at Wayne County Jail, the Court deems the exhaustion requirement satisfied, because Plaintiff has no right to relief from staff at the Jail even assuming that he exhausted administrative remedies at the Jail. Plaintiff's motion

for reconsideration is GRANTED, and the Clerk of Court is ordered to re-open this case so that the Court can rule on the merits of Plaintiff's claim.

### B. The Merits

Plaintiff alleges that the defendants have deprived him of proper medical treatment for his deteriorating ear lobe. He claims that he needs emergency medical surgery and that the defendants have conspired to deny treatment on the basis of his religion or ethnicity and because he has filed grievances and complaints against prison officials. He seeks money damages against defendants in their official capacities.

Plaintiff was granted leave to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915 (e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint is frivolous and fails to state a claim because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted). Plaintiff has not alleged or demonstrated that the Federal

Government and its agencies waived sovereign immunity in this case.  Consequently, Plaintiff has no *Bivens* cause of action for damages against the Department of Justice, the Federal Bureau of Prisons, the United States Marshal's Service, Terre Haute United States Prison, and Cumberland Federal Correctional Institution.

Plaintiff also has no *Bivens* cause of action against Kathleen Hawk and the staffs of the federal entities named as defendants.  Plaintiff has sued the defendants in their official capacities for money damages, and a suit against a government official in his or her official capacity is equivalent to a suit against the entity itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  As explained above, the doctrine of sovereign immunity shields federal agencies from civil rights lawsuits.  *Meyer*, 510 U.S. at 475.  "*Bivens* actions lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work."  *Punchard v. United States Bureau of Land Management*, 180 Fed. Appx. 817, 819 (10th Cir. 2006) (unpublished opinion) (citing *Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003)).

Even if the Court were to treat the complaint as setting forth a claim against Hawk in her individual capacity, it fails because Plaintiff has not alleged personal participation by Hawk as required in a *Bivens* action.  *Id.*  Plaintiff has not shown that Hawk had any personal involvement with, or even any knowledge of, his medical problem.  The same is true of the medical staff at the Wayne County Jail.  The lack of any specific allegations about Ms. Hawk and officials at the Wayne County Jail is fatal to Plaintiff's cause of action.  "[A] pleading fails to state a claim . . . if the allegations are merely conclusory and lack factual specificity."  *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d

1239, 1244 (6th Cir. 1971)). "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Furthermore, *respondeat superior*, or vicarious liability, is not ground for relief under § 1983 or *Bivens*. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-95 (1978)); *Anderson v. Cornejo*, 355 F.3d 1021, 1028 (7th Cir. 2004).

### III.  Conclusion

For the foregoing reasons, Plaintiff's claims are frivolous and fail to state a claim. Accordingly, his civil complaint for damages is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/John Corbett O'Meara
        UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2006

Certificate of Service

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 8, 2006, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
