UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III, #28240-039,

        Plaintiff,

                                      CASE NO. 05-cv-60200
v.                                      HONORABLE JOHN CORBETT O'MEARA

TERRE HAUTE U.S.P.
MEDICAL STAFF, *et al.,*

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION
### TO ALTER OR AMEND THE JUDGMENT

**I. Introduction**

On August 25, 2005, plaintiff Andrew Gross, III, filed a *pro se* civil rights complaint alleging that federal and county officials deprived him of proper medical treatment for over three and a half years. Because Plaintiff was an indigent prisoner, the Court allowed him to proceed without prepayment of the filing fee. *See* ECF No. 7. The Court subsequently ordered Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies for his claims. *See* ECF No. 8. When Plaintiff failed to respond to the Court's order, the Court dismissed the complaint without prejudice for failure to prosecute and for failure to comply with the Court's previous order. *See* ECF No. 10.

Plaintiff moved for reconsideration. The Court then re-opened the case and, on November 8, 2006, the Court dismissed the complaint with prejudice because Plaintiff's allegations were frivolous and failed to state a claim for which relief could be granted.

*See* ECF No. 12. Plaintiff appealed the Court's dismissal of his complaint, but, on December 3, 2007, the Court of Appeals dismissed the appeal for want of prosecution. *See* ECF No. 16.

Currently pending before the Court is Plaintiff's Motion to Alter or Amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff seeks permission to voluntarily dismiss his case without prejudice so that the Court's dismissal of his complaint on the merits does not count as a "strike" under 28 U.S.C. § 1915(g).[1] Plaintiff argues that a dismissal does not count as a "strike" until it is upheld on appeal, an appeal is waived, or the time to appeal has expired.

## II. Discussion

The Court begins its discussion by noting that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion is untimely because it was filed over six years after the Court dismissed his complaint.

Furthermore, although a district court may alter or amend a judgment under Rule

---

[1] Section 1915(g) reads:

> **(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This statutory provision is "popularly known as the 'three strikes' provision" of the Prison Litigation Reform Act of 1995. *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998).

59(e) to account for an intervening change in the law, *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012), Plaintiff relies on *Henslee v. Keller*, 681 F.3d 538 (4th Cir. 2012), *vacated in part on other grounds,* 481 F. App'x 842 (4th Cir. 2012), a case which is not controlling on this Court,[2] nor relevant to the facts of his case. In *Henslee*, the Fourth Circuit Court of Appeals held that a district court's dismissal of a complaint may not act as a third strike under § 1915(g) to preclude a prisoner from proceeding *in forma pauperis* on appeal from the underlying dismissal. *Henslee*, 681 F.3d at 543-44.

This Court stated in its order dismissing Plaintiff's complaint on the merits that an appeal would be frivolous and could not be taken in good faith, but the Court did not say that the dismissal was Plaintiff's third strike or that Plaintiff was precluded from proceeding *in forma pauperis* on appeal due to his having "three strikes." In fact, the Court made no mention of any prior "strikes" for frivolousness or for failure to state a claim, and the Court has found no Sixth Circuit case stating that a dismissal of a prisoner's civil action as frivolous, malicious, or for failure to state a claim does not count as a strike under § 1915(g) until the litigant has exhausted or waived his appeal from the dismissal.

"A dismissal is a dismissal," and because the Court dismissed Plaintiff's complaint for one or more of the grounds specified in § 1915(g), "it counts as a strike whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (internal citation omitted). Even a complaint that is dismissed only "in part with

---

[2] *See United States v. Hernandez*, 443 F. App'x 34, 40 (6th Cir. 2011) (stating that "cases decided by other circuits are merely persuasive"); *Cross Mountain Coal, Inc. v. Ward*, 93 F.3d 211, 217 (6th Cir. 1996) (stating that "even though the decisions of other circuits are entitled to our respect, they are not binding upon us").

prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted' . . . should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).  The Court therefore finds that Plaintiff's dismissed complaint counts as a "strike."  Plaintiff may not undo the strike, nor withdraw his complaint.  Accordingly, the Motion to Alter or Amend the Judgment [ECF No. 17] is **DENIED**.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  June 14, 2013

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 14, 2013, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager